[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY
The plaintiff has moved to disqualify the defendant's counsel, Michael Milazzo, and all members of his firm, Milazzo Newman, from further representation of the defendant pursuant to Rule 1.9 of the Rules of Professional conduct on the grounds that the firm of Milazzo Newman has represented the plaintiff, Harborwalk Association in a foreclosure action against a different unit owner in the past and that the firm is privy to confidential notes and financial information belonging to the plaintiff; Attorney Milazzo has become holder of mortgages and notes on certain units in the Harborwalk Association; and the plaintiff seeks the testimony of Attorney Milazzo.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys." Bergeron v. Mackler, 225 Conn. 391, 397,623 A.2d 489 (1993). Since October, 1986, the conduct of attorneys has CT Page 4516 been regulated also by the Rules of Professional Conduct. Id. "The trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney." Id. Disqualification of counsel is a remedy that serves both to "`enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information.'" Id., quoting Silver Chrysler Plymouth, Inc. v.Chrysler Motors Corporation, 518 F.2d 751, 754 (2d Cir. 1975). However, a court must also be solicitous of a client's right to choose his counsel. Bergeron v. Mackler, supra, 397-98. "The competing interests at stake in a motion to disqualify, therefore, are (1) the [moving party's] interest in protecting confidential information; (2) the [objecting party's] interest in freely selecting counsel of [its] choice; and (3) the public's interest in the scrupulous administration of justice." Id., 398.
Rule 1.9 of the Rules of Professional Conduct governs disqualification of counsel for a conflict of interest relating to a former client. Bergeron v. Mackler, supra, 225 Conn. 398. Rule 1.9 of the Rules of Professional Conduct provides that
 A lawyer who has formerly represented a client in a matter shall not thereafter:
 (a) Represent another person in the same or substantially related matter in which that person's interest are materially adverse to the interests of the former client unless the former client consents after consultation; or
 (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
Rule 1.10 of the Rules of Professional Conduct provides:
 (c) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer unless:
 (1) The matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and CT Page 4517
 (2) Any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(b) that is material to the matter.
The plaintiff presented a copy of a complaint brought on behalf of Harborwalk Associated, Inc. by David R. Purvis, an attorney who is no longer associated with Attorney Milazzo's firm. It presented no evidence that any attorney remaining with that firm has any confidential information protected by Rules 1.6 and 1.9(b). Therefore, the plaintiffs have failed to establish that Attorney Milazzo should be disqualified under Rule 1.9 or Rule 1.10.
Rule 3. 7, Lawyer As Witness, of the Rules of Professional Conduct provides in pertinent part:
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; or
 (3) Disqualification of the lawyer would work substantial hardship on the client.
 Whether a witness `ought' to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue. Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence.
Tropical Suntan Centers, Inc. v. Salvati, 1 CTLR 497, 498 (April 12, 1990, Meadow, J.), quoting S S Hotel Ventures LimitedPartnership v. 777 S.H. Corp., 69 N.Y.2d 437, 445-46 (1987), see also Keoseian v. Von Kaulbach, 707 F. Sup. 50, 154 (S.D.N.Y. 1989).
In DeMarco v. Fire Command, Inc., 2 CTLR 101 (July 27, 1990, CT Page 4518 Downey, J.), the court also addressed the issue of whether a party's attorney could testify as a witness. The court in DeMarco
denied the plaintiff's motion to disqualify opposing counsel on the ground that the plaintiff failed to show that opposing counsel's testimony would be "genuinely needed." DeMarco, 2 CTLR at 102, citing Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234,248-49. The court stated that the mere statement that the attorney "will be a necessary party witness" did not support this motion. Id.
The plaintiff has failed to show that the testimony of Attorney Milazzo is genuinely needed.
Rule 3.7(a)(3) also fails to warrant the disqualification of Attorney Milazzo because such disqualification, at this late stage in the proceedings, would work substantial hardship on the defendant. Milazzo entered his appearance in this action on November 19, 1993, yet the plaintiff waited until February 27, 1995, after this action had already been assigned for trial, to move to disqualify Attorney Milazzo. Such timing suggests that the plaintiff is attempting to use the Rules of Professional Conduct as a pretrial tactic to work hardship on the defendant rather than to protect its interest in confidential information or the public's interest in the scrupulous administration of justice.
For the foregoing reasons, the Motion to Disqualify is denied.
By the Court,
Aurigemma, J.